**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| BRIAN JOSEPH BERGER, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>NANCY A. BERRYHILL, )<br>Deputy Commissioner for Operations, )<br>Social Security Administration, )<br>    Defendant. ) | CAUSE NO.: 2:17-CV-138-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Brian Joseph Berger on March 28, 2017, and Memorandum in Opposition to Secretary's Decision Denying Plaintiff's Claim for Benefits and Request for Remand [DE 11], filed by Plaintiff on June 30, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On August 4, 2017, the Commissioner filed a response, and on August 10, 2017, Plaintiff filed a reply.

**I.     Background**

On October 27, 2013, Plaintiff filed an application for benefits alleging that he became disabled on November 30, 2005. Plaintiff's application was denied initially and upon reconsideration. After a hearing on March 4, 2016, at which Plaintiff with an attorney, Plaintiff's father, a behavioral therapist, and a vocational expert ("VE") testified, Administrative Law Judge ("ALJ") William E. Sampson issued a decision on March 23, 2016, finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant has not engaged in substantial gainful activity since October 27, 2013, the application date.

2. The claimant has severe impairments: Attention Deficit Hyperactivity Disorder (ADHD) and autism.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: the claimant can perform simple, routine and repetitive tasks on a flexible pace. He is limited to only occasional interactions with coworkers and supervisors, and he is to avoid all interactions with the public.

5. The claimant has no past relevant work.

6. The claimant was a younger individual age 18-49 on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 27, 2013, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard or Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ demonstrated a fundamental misunderstanding of autism, erred in overstating the significance of Plaintiff's daily activities, and erred in his analysis of the opinions of physicians and psychiatrists in the record. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

Plaintiff's treating psychiatrist completed a Mental Residual Functional Capacity Assessment on October 19, 2015, addressing Plaintiff's work-related abilities. Dr. Goldstein reported that, among other limitations, Plaintiff suffers from poor memory, difficulty concentrating, oddities of thought, perception, speech, or behavior, would be absent from work about three times per month due to his impairments or treatment, suffered from extreme loss in ability to sustain an ordinary routine without special supervision, a marked loss of ability to deal with stress of even semi-skilled

4

work, often experiences deficiencies of concentration, persistence, or pace resulting in failure to complete tasks, and required the assistance of his parents to help with activities of social functioning. The ALJ gave "little weight" to Dr. Goldstein's assessment, because Plaintiff has "consistently shown good progress clinically, has gone without treatment and medication for many months on end without problems, and has shown independence and good academic achievements." AR 22-23.

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96–5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it.").

In this case, the ALJ did not point to any other medical records or psychiatrist statements that contradicted Dr. Goldstein's assessment, and even noted that it was "less extreme" than the medical source statement completed by Plaintiff's counselor. Because the ALJ failed to give controlling weight to Plaintiff's treating psychiatrist, he was required to analyze the following factors to describe what weight to give the opinion: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how

5

consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision."). The ALJ mentioned that Dr. Goldstein was an M.D. and that Plaintiff saw him several times, but the Court is unable to determine how Dr. Goldstein's analysis was inconsistent with the record as a whole.

As to the social worker who provided counseling to Plaintiff, the ALJ explained that he gave "little weight" to his opinion "based on a lack of supportive evidence." AR 22. The medical source statement he completed opined that Plaintiff has significant limitations in a number of work-related areas and, like Dr. Goldstein emphasized, he "is completely dependent on his parents for financial and social issues." Plaintiff argues that the record is devoid of evidence that contradicts the opinions of Plaintiff's treating sources, and that the facts that the ALJ points to, such as the ability to spend all day on the computer, to receive good grades in school, and to dress himself, not only misrepresent the record but also demonstrate a misunderstanding of autism. The ALJ's opinion repeatedly refers to Plaintiff's independence and ignores the repeated statements regarding the amount of support he obtains from family members, who control his schedule, mediate his social interactions, manage all of his finances, and provide accommodations to his part time employment. He also failed to mention any of the testimony given by the counselor at the hearing or the weight given to that testimony.

This failure to properly weigh the medical source statements in the record is even more

6

striking since there is no indication that the ALJ gave weight to *any* mental health evidence in the record. The ALJ mentioned the opinions of non-examining state agency psychologists, but did not address the weight given to those opinions. To the extent that he gave them weight, he did so without addressing the age of those opinions and the fact that they did not review two years' worth of medical records, vocational rehabilitation records, or the medical source statements of Plaintiff's treating sources. If he did not give those opinions weight, then his opinion is completely without medical basis, and raises concerns that the ALJ is impermissibly substituting his own medical judgment about what Plaintiff should be capable of doing for the statements of actual mental health professionals who are familiar with Plaintiff's diagnoses and attendant limitations. *See, e.g.,Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[A]dministrative law judges of the Social Security Administration[] must be careful not to succumb to the temptation to play doctor.") (citing cases). Not only did the ALJ fail to comply with the requirements for weighing source opinions, *see* SSR 06-03p, 2006 WL 2329939, *4 (Aug. 9, 2006) (requiring the ALJ to address factors such as: "How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the opinion; [and] Whether the source has a specialty or area of expertise related to the individual's impairment(s)"), but the Court is unable to determine what evidence, if any, provides the basis for the ALJ's assessment of Plaintiff's mental health and how his limitations were incorporated into the RFC. *See Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) ("A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate discussion of

the issues, it will be remanded."); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling.").

As Plaintiff argues, the ALJ appears to have over-relied on Plaintiff's daily activities. It appears that the ALJ overstated Plaintiff's ability, apparently ignoring evidence that Plaintiff is not able to manage his own funds, does not have many friends, and requires significant assistance to keep on task with school and his other activities of daily living. Furthermore, to the extent that the ALJ was equating Plaintiff's ability to attend some classes and spend time alone on the computer with an ability to work, the Seventh Circuit Court of Appeals has repeatedly criticized credibility determinations that equate a plaintiff's ability to take care of his personal hygiene or household chores with the ability to work and fail to take into account "critical differences between activities of daily living and activities in a full-time job," such as the fact that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also, e.g., Punzio*, 630 F.3d at 712 ("[The Plaintiff's] ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home . . . The pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment . . . often differ dramatically between home and office or factory or other place of paid work."). The ALJ's failure is particularly concerning in the case of Plaintiff's autism and ADHD diagnoses, which indicate difficulties with social skills, speech, and ability to focus, among other things.

On remand, the ALJ is instructed to draw a logical bridge from the evidence as it actually appears in the record to his conclusions about Plaintiff's RFC, and must thoroughly address the medical evidence in the record. The ALJ is reminded that the Seventh Circuit Court of Appeals has warned ALJs against cherry-picking evidence in the record. "An ALJ cannot rely only on the evidence that supports [his] opinion." *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *see also Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). Noting that the ALJ also found that Plaintiff experiences moderate difficulties in maintaining concentration, persistence, or pace, he is reminded of the need to explain how that limitation is incorporated into the RFC and with the VE. *See, e.g., Yurt*, 758 F.3d at 858-59 ("reject[ing] the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace") (listing cases); *O'Connor-Spinner*, 627 F.3d at 619 ("Among the limitations the VE must consider are deficiencies of concentration, persistence and pace."). In addition, the ALJ is encouraged to reconsider whether Plaintiff's impairments meet or equal any of the Listings, including Listing 12.10 for Autism Spectrum Disorder. 20 C.F.R. § Pt. 404, Subpt. P, App. 1; *see* 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in the Memorandum in Opposition to Secretary's Decision Denying Plaintiff's Claim for Benefits and Request for Remand [DE 11] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 13th day of September, 2018.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record